UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ROBERTS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1880 HEA |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion for Summary Judgment, [Doc. # 14]. The parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion for Summary Judgment is granted.

## **Introduction**

Plaintiffs filed this wrongful death action against defendant alleging that Joyce Roberts, slipped and fell in the parking lot outside of a Walgreens store due to an accumulation of ice and snow in the parking lot. Plaintiffs contend that as a result of this fall, Joyce suffered injuries which resulted in her death. Defendant moves for summary judgment on the grounds that plaintiffs cannot establish the elements of their negligence claim.

## Facts and Background

On February 2, 2005, Joyce Roberts parked her car in a handicapped parking spot in front of the Walgreens store located at 12661 Olive Boulevard in St. Louis, Missouri. She got out of her car and walked toward the entrance doors. While still in the parking lot, Ms. Roberts fell. An employee of the Wine Merchant, a neighboring store, Jack Pepin, witnessed the incident. At his deposition, he testified that Ms. Roberts had trouble getting out of her car because she had parked too close to the curb. After she got out of the car, Ms. Roberts was "shuffling" and that she walked in a westbound then northbound direction toward the store entrance. At that point, according to Mr. Pepin's testimony, Ms. Roberts fell. Mr. Pepin ran out of his place of employment to Ms. Roberts. From there, he ran to the entrance of the Walgreens and notified Walgreen employees. Clint Robson and Mike Erickson, Walgreen employees, came out of the store. Mr. Erickson went back into the store to call an ambulance, which arrived within 5 minutes. Ms. Roberts was taken to St. John's Mercy Medical Center. Ms. Roberts died on February 3, 2005.

According to his deposition testimony, within five to ten minutes from when Ms. Roberts was taken from the parking lot, Clint Robson took pictures of the area where Ms. Roberts fell. The pictures are a close up of where Ms. Roberts was laying following her fall; a view from farther away from where she was laying, taken

side to side; and a view from farther away taken up and down. The pictures reveal no snow or ice in the parking lot area. Mr. Robson also testified that there was no snow or ice in the parking area. Mike Erickson and Greg McFetridge, another Walgreen employee, also testified that there was no accumulated snow or ice on the parking lot in the area where Ms. Roberts fell.

Jack Pepin testified that there were some snow flurries on his way in to work that morning. He also testified that there was no snow accumulated on the ground in front of the Wine Merchant store, but that he could not specifically remember whether there was accumulated snow on the parking lot of the Walgreens store.

## **Summary Judgment Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir.

1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). While the Court is required to make all reasonable inferences in favor of the nonmoving party in considering summary judgment, the Court does so without resort to speculation. *Twymon v. Wells Fargo & Co.* 2006 WL 2595961, at *6 (8th Cir. 2006). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders

all other facts immaterial." *Celotex*, 477 U.S. at 323. A motion for summary judgment and a resistance to such a motion must be based on admissible evidence. *See, e.g.,* Fed.R.Civ. P. 56(e) (affidavits in resistance to summary judgment must be based on admissible evidence); *Brooks v. Tri-Systems, Inc.,* 425 F.3d 1109, 1111 (8th Cir. 2005) (inadmissible evidence cannot be used to defeat summary judgment).

## **Discussion**

Plaintiffs seek to recover from defendant on a theory of negligence because of a dangerous condition, *i.e.*, an accumulation of snow and ice. "'To establish an owner's premises liability under plaintiffs' theory of negligence, an injured invitee must show: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of such condition.'" *Steward v. Baywood Villages Condominium Ass'n,* 134 S.W.3d 679, 682 (Mo.App.2004); MAI 22.03." *McLaughlin v. Hahn* 2006 WL 2471587, at *1 (Mo.App. W.D. 2006).

Thus, to make a submissible case against Walgreen, plaintiffs have to show that a dangerous condition caused Ms. Robert's fall. Plaintiffs argue that summary judgment is not appropriate because it can be *inferred* that there was ice where Ms.

Roberts fell. In contrast to defendant's three witnesses' depositions (and pictures which were taken by Mr. Robson, who testified as to when the pictures were taken), and in support of their argument, plaintiffs submit weather reports apparently obtained from the internet; an unsworn statement of Jack Pepin, written by someone other than Mr. Pepsin; and an invoice from Walgreen's snow removal service, Lawn Masters, for snow removal on January 29, 2005 and February 9, 2005, neither date being the date of Ms. Robert's fall. Clearly, none of these submissions are proper in that they are being submitted without proper foundation and are hearsay. Such submissions are insufficient to overcome defendant's evidence. Plaintiff's opposition must be based on *admissible* evidence. Fed.R.Civ. P. 56(e) (affidavits in resistance to summary judgment must be based on admissible evidence); *Brooks,* 425 F.3d at 1111.

Furthermore, even assuming the admissibility of these documents, none of them establish the existence of a dangerous condition on the property and the inferences plaintiffs seek to be drawn from these documents are unreasonable: the weather reports are submitted to show that an accumulation of snow and ice was possible, however, according to the reports, at the time of the fall, the temperature was above freezing, thereby negating plaintiff's inferred conclusion. The fact that snow was removed on January 29, 2005 negates the notion that snow was

accumulated on February 2, 2005. Likewise, nothing can be inferred from the removal on February 9, 2005 other than it had snowed by February 9, 2005. When Mr. Pepin spoke with plaintiff's attorney, he was not under oath nor was it his own rendition of the events, rather it was counsel's rendition of Mr. Pepin's oral narrative. Furthermore, the statement does not even establish the fact for which it is offered. It states: "it was a wet snow which accumulated" with no further explanation of where the snow accumulated, as opposed to Mr. Pepin's deposition testimony where he testifies that any accumulation was on cars, in the mulch and in shaded areas where there was no sunlight. Likewise, Mr. Pepin's statement also reveals that there was "wetness and precipitation on parking lot in front of Walgreens possibly by noon." This in no way establishes that there was accumulated snow and/or ice, nor can such condition be reasonably inferred from the description given, rather, the reasonable inference is that the ground was wet.

In determining whether plaintiffs have made a submissible case, the Court cannot supply missing evidence or give the plaintiff the benefit of unreasonable, speculative, or forced inferences. *Steward v. Goetz,* 945 S.W.2d 520, 528 (Mo.App.1997). "The evidence and inferences must establish every element and not leave any issue to speculation." *Id.* When the Court says that a plaintiff is entitled to a favorable view of the whole evidence, it does not mean that material

facts testified to by plaintiff may be ignored. *Steward*, 134 S.W.3d at 682-683.

## Conclusion

Plaintiffs have not presented admissible evidence to establish that genuine issues of material fact exist as to the elements of their negligence claim without resort to unreasonable inferences and speculation. As such, they have not met their burden under Rule 56(e). Defendants are therefore entitled to judgment as a matter of law.[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Summary Judgment, [Doc. No. 14], is granted.

A separate judgment in accordance with this Opinion, Memorandum and

---

[1] Because the plaintiffs have not established material facts as to their claimed negligence, the Court need not address the issue of whether the fall was the proximate cause of Ms. Roberts' death. With respect to this aspect of plaintiffs' claims, plaintiffs again rely on inadmissible evidence in support of their claim and fail to present expert testimony as to causation. Even were the plaintiffs able to establish a dangerous condition existed on the parking lot, defendant would be entitled to summary judgment. Because plaintiffs did not present expert testimony establishing that the fall was, to a reasonable degree of medical certainty, caused Ms. Robert's death. The Court is unpersuaded, based on the applicable Missouri law, that this particular incident falls within the "sudden onset" exception to the requirement that expert testimony be presented.

Order is entered this same date.

Dated this 6th day of October, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE